UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80688-CIV-COHN

MARTIN RICE,

     Plaintiff,

v.

KSM II INVESTMENTS, LLC and STERN
ZWILLING,

     Defendants.

_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Martin Rice's Complaint [DE 1]

and Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3].

The Court has considered the Complaint and the record in this case, and is otherwise

advised in the premises. Because Plaintiff has not paid a filing fee, the Court will

conduct a screening pursuant to 28 U.S.C. § 1915.

On May 23, 2014, Plaintiff Martin Rice filed his Complaint herein. The gravamen

of the Complaint is that Rice's landlord unlawfully attempted to evict him from his

apartment and turned off the electricity. DE 1 at 1. Rice alleges that his landlord's

conduct constitutes a criminal conspiracy to violate his rights under 18 U.S.C. §§ 241–

42. Id. Rice demands $100,000 in damages arising from this alleged wrongdoing. Id.

Having reviewed the allegations in the Complaint, the Court finds that Rice has

failed to state a basis for subject-matter jurisdiction. Rice, a Florida citizen, has pled a

landlord-tenant dispute with Defendants, who also appear to be Florida citizens. See DE

1 at 1. Therefore, diversity of the parties is lacking, and diversity jurisdiction is unavailable under 28 U.S.C. § 1332.

Nor can Rice establish federal-question jurisdiction under 28 U.S.C. § 1331. Rice invokes 18 U.S.C. §§ 241–42 as a basis for relief, however those criminal statutes do not create a private right of action. Paletti v. Yellow Jacket Marina, Inc., 395 F. App'x 549, 552 n.3 (11th Cir. 2010) (per curiam). Further, though Rice prepared his Complaint using a form titled "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," he does not allege any conduct by a person acting under color of state law that could support such a claim. See Fullman v. Graddick, 739 F.2d 553, 561 (11th Cir. 1984). Because no other basis for subject-matter jurisdiction is apparent from the face of the Complaint, the Court will dismiss Rice's action without prejudice. See Fed. R. Civ. P. 12(h)(3). It is accordingly

**ORDERED AND ADJUDGED** that the Complaint [DE 1] is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of May, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Martin Rice (*pro se*)
701 3rd Ave N.
Lake Worth, Florida 33460

2